UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LAUREN PICKARD,

    Plaintiff,

v.

                                    CASE NO.: 3:19-cv-180-SRW

SLM CORPORATION d/b/a
SALLIE MAE,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAUREN PICKARD (hereinafter "Plaintiff"), sues Defendant, SLM CORPORATION d/b/a SALLIE MAE (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

### INTRODUCTION

1.      The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and to prevent abusive "robo-calls."

2.      "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

1

## JURISDICTION AND VENUE

3.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4.    Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

5.    The alleged violations described herein occurred in Chambers County, Alabama. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

6.    Plaintiff is a natural person and citizen of the State of Alabama residing in Chambers County, Alabama.

7.    Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

8.     Defendant is a corporation with its principal place of business located at 300 Continental Drive, Newark, Delaware 19713, and which conducts business in the State of Alabama.

9.     Defendant called Plaintiff hundreds of times in an attempt to collect a debt associated with private (not federally-backed) student loans.

10.     Some or all of the calls Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" (hereinafter "ATDS") which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls").

11.     Plaintiff will testify that she knew it was an auto-dialer because of the vast number of calls she received and because she heard a pause when she answered her cellular telephone before a voice came on the line, which is a common indicator of the use of an ATDS.

12.     Additionally, Plaintiff frequently received pre-recorded voice mail messages from Defendant. Each of these recorded messages contained the same content.

13.     Plaintiff believes the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically.

14.     Plaintiff is the subscriber, regular user and carrier of the cellular telephone number (706) ***-2408 and was the called party and recipient of Defendant's calls.

15.    Defendant placed an exorbitant number of automated calls to Plaintiff's cellular telephone number (706) ***-2408 in an attempt to collect on a student loan.

16.    The automated calls from Defendant are being initiated from telephone numbers including, but not limited to: 844-559-1334; when that number is dialed, a pre-recorded messages answers and identifies the number as belonging to Defendant.

17.    In or around October of 2018, Plaintiff first instructed Defendant's agent(s) to "stop calling" her cellular telephone as she could not afford to make her payments and did not wish to receive further telephone calls.

18.    Despite this clear and unequivocal request for the calls to stop, Defendant continued to autodial Plaintiff's cellular telephone up to three (3) times per day, on back to back days, without Plaintiff's express consent.

19.    Plaintiff estimates that since she first revoked consent to receive automated calls from Defendant, Defendant has called her cellular telephone over two hundred (200) times using a combination of its auto-dialer and pre-recorded messages.

20.    Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to Plaintiff's cellular telephone in this case.

21.    Not one of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

22.    Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiff when it continued to call her cellular telephone after she revoked any consent Defendant may have had to call her using automated technology.

4

23.      From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

24.      From each and every call without express consent placed by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of the occupation of her cellular telephone line and cellular telephone by unwelcome calls, making the cellular telephone unavailable for legitimate callers or outgoing calls while the cellular telephone was ringing from Defendant's call.

25.      From each and every call placed without express consent by Defendant to Plaintiff's cellular telephone, Plaintiff suffered the injury of unnecessary expenditure of her time. For calls she answered, the time she spent on the call was unnecessary as she repeatedly asked for the calls to stop. Even for unanswered calls, Plaintiff had to waste time to unlock the cellular telephone and deal with missed call notifications and call logs that reflect the unwanted calls. This also impaired the usefulness of these features of Plaintiff's cellular telephone, which are designed to inform the user of important missed communications.

26.      Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of unnecessary expenditure of Plaintiff's cellular telephone's battery power.

27.      Each and every call placed without express consent by Defendant to Plaintiff's cellular telephone resulted in the injury of a trespass to Plaintiff's chattel, namely her cellular telephone and her cellular telephone services.

28. As a result of the calls described above, Plaintiff suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by anger, stress, embarrassment, and frustration.

## COUNT I
### (Violation of the TCPA)

29. Plaintiff fully incorporates and re-alleges paragraphs one (1) through twenty-eight (28) as if fully set forth herein.

30. Defendant willfully violated the TCPA with respect to Plaintiff, specifically for each of the auto-dialer/pre-recorded message calls made to Plaintiff's cellular telephone after Plaintiff first notified Defendant that Plaintiff wished for the calls to stop.

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded message without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against SLM CORPORATION d/b/a SALLIE MAE for statutory damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Frank H. Kerney, III, Esquire
Florida Bar #: 88672
*(Pro Hac Vice Motion Pending)*
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
snazario@forthepeople.com
*Counsel for Plaintiff*